964 A.2d 295

IN THE MATTER OF GERARD V. ROSS, AN ATTORNEY
AT LAW (ATTORNEY NO. 038641989).

January 27, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–166, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **GERARD V. ROSS,** formerly of **BELLEVILLE,** who was admitted to the bar of this State in 1989, and who has been suspended from the practice of law since July 14, 1999, by Orders of the Court filed on June 15, 1999, and January 12, 2001, should be disbarred for violating *RPC* 1.3 (lack of diligence), *RPC* 3.2 (failure to expedite litigate), and *RPC* 1.4 (b) (failure to keep client reasonably informed);

And **GERARD V. ROSS** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a two-year suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And the Court further having determined that the term of suspension should be consecutive to the three-month term of suspension imposed in DRB 99–357 and DRB 99–424, that was effective October 11, 2001;

And good cause appearing;

It is ORDERED that **GERARD V. ROSS** is suspended from the practice of law for a period of two years and until the further Order of the Court, effective January 11, 2002;  and it is further

ORDERED that respondent not be reinstated to the practice of law unless and until he complies with the fee arbitration determination in District Docket No. VC–98–043F, and pays the sanction

in the amount of $500 to the Disciplinary Oversight Committee as ordered by the Court on June 15, 1999, and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.